UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
VICTOR CUSTODIO, individually and on behalf
of all other persons similarly situated, et al.,

                Plaintiffs,

      - against -

AMERICAN CHAIN LINK & CONSTRUCTION,
INC., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

06 Civ. 7148 (GBD) (HBP)

GEORGE B. DANIELS, District Judge:

Plaintiff Victor Custodio, individually and on behalf of all other persons similarly situated ("Plaintiffs"), brings a motion to recover his attorneys' fees and costs (the "Motion") pursuant to a settlement agreement with American Chain Link and Construction, Inc. and any related corporate entities and individuals ("Defendants"). Plaintiffs brought suit in 2006 alleging that Defendants owed them overtime wages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, New York Labor Law § 652 and 12 N.Y.C.R.R. § 142-3.2, and seeking prevailing wages and supplemental benefits under New York State law. Plaintiffs originally sought to recover $106,335.75[1] in attorneys' fees. The parties met on two occasions to discuss settlement offers.[2] On February 23, 2009, the parties reached a settlement agreement that provided for a payment of $62,500 in damages to plaintiffs. The parties further stipulated that "the Court retains jurisdiction over any application for attorneys' fees by Plaintiffs' Counsel if fees cannot be resolved between the parties."

---

[1] This represents $103,800.75 in attorneys' fees ($70,770.00 for attorney Delvis Melendez and $33,030.75 for attorney Lloyd Ambinder and his firm), plus additional fees for 8.45 hours spent researching and drafting the Reply Affirmation, as well as $4,169.35 for costs associated with the representation of Plaintiffs.

[2] On April 4, 2007, the parties met to discuss Defendants' settlement offer of $100,000.00 for the entire class, inclusive of attorneys' fees and costs, which Plaintiffs rejected. On May 7, 2008, Defendants made a settlement offer of $35,000 to the three plaintiffs, which Plaintiffs also rejected.

1

This Court referred the Motion to Magistrate Judge Henry Pitman for his Report and Recommendation. *See Notice of Reassignment of Referral to a Magistrate J.*, Jan. 13, 2010, ECF No. 58. In his Report, Magistrate Judge Pitman recommends that Plaintiffs be awarded attorneys' fees and costs in the amount of $54,061.85.[3] *See Report & Recommendation*, May 17, 2011, ECF No. 59. Defendants objected to the Report and Recommendation on the grounds that: (1) Plaintiffs' contract does not provide for recovery of attorneys' fees[4]; (2) Plaintiffs needlessly prolonged litigation[5]; (3) Plaintiffs' hourly rates are not reasonable; (4) Plaintiffs' attorneys engaged in "harassment and improper, shoddy and dilatory litigation practices"; (5) Plaintiffs had unsuccessful claims; (6) Plaintiffs' attorneys duplicated their time; (7) Plaintiffs' attorneys' time entries were vague and excessive; (8) Plaintiffs should be disallowed recovery of costs[6]; and (9) Plaintiffs' success was limited.[7] *Defs' Objections to Magistrate's Report & Recommendation Concerning Pls' Appl. for Counsel Fees and Costs*, June 17, 2011, ECF No. 61; *see Defs' Reply in Further Supp. of their Objections to Magistrate's Report & Recommendation Concerning Pls' Appl. for Counsel Fees and Costs*, July 22, 2011, ECF No. 65. This Court adopts Magistrate Judge Pitman's thorough and well-reasoned Report in its entirety.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273

---

[3] This total represents $51,892.50 in attorneys' fees and $2,169.35 in costs.

[4] Defendants argue that Plaintiffs' suit is comprised of two "separate and distinct" claims: overtime claims for Plaintiff Custodio and breach of contract claims for Plaintiffs Delgado and Banegas.

[5] Defendants argue that Plaintiffs needlessly prolonged the litigation by accepting a settlement offer of $62,500, less than the $100,000 initial settlement offer.

[6] Defendants argue that Plaintiffs' attorneys "have failed to show that the [photocopy] costs for [exhibit] records were not for the convenience of counsel."

[7] Plaintiffs originally sought to file suit as a class action. On August 27, 2007, this Court denied Plaintiffs' motion to certify class without prejudice.

(S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Pitman advised the parties that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. Defendants filed an objection to the Report and Recommendation. Plaintiff filed an opposition and Defendants filed a reply in further support of their objections.

In any action brought under the FLSA or New York Labor Law, successful plaintiffs may recover reasonable attorneys' fees and costs, to be paid by the defendant. *See* 29 U.S.C. § 216(b); N.Y. Labor Law §§ 198, 663(1). The FLSA and New York Labor Law also permit awarding of reasonable attorneys' fees and costs in cases of settlements. *See Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) ("Where, as here, plaintiffs obtained a favorable settlement, they are entitled to an award of attorneys' fees: '[t]he fact that plaintiff prevailed through a settlement rather than through litigation does not weaken plaintiff's claim to fees.'") (quoting *Maher v. Gagne*, 448 U.S. 122, 129 (1980)).

Reasonable attorneys' fees are determined by calculating the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Arbor Hill*

3

*Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 (1983) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The reasonable hourly rate should conform to rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). The fee applicant bears the burden of demonstrating by "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." *Blum*, 465 U.S. at 895 n. 11.

To determine reasonable hourly rates, courts first examine the attorney's experience. *Kahlil*, 657 F. Supp. 2d at 475. Magistrate Judge Pitman's determination that the rates for Melendez and Ambinder are "consistent with the prevailing rates in the district, and, therefore, reasonable" was proper.[8] The record demonstrates that Magistrate Judge Pitman's recommended hourly rates are consistent with Plaintiffs' attorneys' qualifications and experience. *See Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402(RLE), 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (finding a rate of $350 per hour on the FLSA claim to be reasonable based on attorney's "skill" and "number of years [sic] experience"). It was also proper for Magistrate Judge Pitman to recommend the rejection of the application for fees for the other attorneys and paralegals because there was insufficient information regarding their qualifications and experience. *See Yea Kim v. 167 Nail Plaza, Inc.*, 2009 WL 77876, at *9 (S.D.N.Y. Jan. 12, 2009) (reducing attorneys' fees for attorneys and paralegals where "no information has been provided as to '[their] experience, reputation and ability'") (citing *Arbor Hill*, 522 F.3d at 186 n. 3; *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 370 (S.D.N.Y. 2005)) (finding the paralegal billing rate sought by plaintiffs'

---

[8] Defendants also object to the hourly rates on the ground that, Melendez, as a solo practitioner, and Ambinder, as a partner in a small firm, do not have overhead costs comparable to a large law firm. *But see McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 99 n. 6 (2d Cir. 2006) ("We want to caution, however, that district courts should not treat an attorneys' status as a solo practitioner as grounds for an automatic reduction in the reasonable hourly rate.).

4

attorneys' "unreasonably high" in the absence of "information regarding their paralegal experience and the nature of their tasks"). Furthermore, it was proper for Magistrate Judge Pitman not to recommend a denial or reduction of attorneys' fees on the grounds that Plaintiffs needlessly prolonged the litigation because he credited Plaintiffs' argument that the $100,000 initial settlement offer was understood to be for the proposed class, such that the settlement agreement of $62,500 was "substantially more lucrative."

Moreover, Magistrate Judge Pitman properly reduced attorneys' fees for excessive, duplicative and vague time entries. *See Tucker v. Mukasey*, 03 CIV.3106 (LTS)(FM), 2008 WL 2544504, at *2 (S.D.N.Y. June 20, 2008) (reducing the hours for attorneys' fees where "billing entries are excessive, unnecessary, and/or vague"); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (noting that district courts should exclude "excessive, redundant, or otherwise unnecessary" hours for calculations for attorneys' fees). It was also proper for Magistrate Judge Pitman to decline to reduce attorneys' fees for duplicative time entries[9]:

> [A] trial judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks, but for the most part such decisions are best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation. A district court's determinations on such matters will be overturned on appeal only when it is apparent that the size of the award is out of line with the degree of effort reasonably needed to prevail in the litigation.

*New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983).

Magistrate Judge Pitman's recommendation that Defendants reimburse Plaintiffs' attorneys for the $375 in costs in connection with obtaining copies of exhibit documents was also proper. Although Defendants argue that Plaintiffs' attorneys should not be reimbursed for such costs because the copies were "for the convenience of counsel," Magistrate Judge Pitman

---

[9] Magistrate Judge Pitman properly concluded that it "was not inappropriate" for both Melendez and Ambinder to jointly represent Plaintiffs, "particularly since [P]laintiffs spoke little or no English" and because there were only four instances of duplicative billing.

5

properly found that the copies were necessary for discovery. *See Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68, 78 (S.D.N.Y. 1991) (finding that "compensable costs may arise . . . from the discovery necessary to identify alternative sources of information").[10]

Finally, Magistrate Judge Pitman properly determined that counsels' fee award should not be reduced to achieve proportionality with the amount of recovery or for "harassment and improper, shoddy and dilatory litigation practices." This Court declines to reduce counsels' fee beyond Magistrate Judge Pitman's recommendation.

## CONCLUSION

Plaintiff's motion for attorneys' fees and costs is GRANTED to the extent recommended by the Magistrate Judge in the Report and Recommendation. The Clerk of the Court is directed to enter judgment for attorneys' fees and expenses in Plaintiff's favor in the amount of $54,061.85, which represents $51,892.50 in attorneys' fees ($46,485.00 for Melendez and $5,407.50 for Ambinder), and $2,169.35 in costs.

Dated: New York, New York
       January 10, 2014

SO ORDERED:

*George B. Daniel*
GEORGE B. DANIELS
United States District Judge

---

[10] Plaintiffs maintain that they were required to seek alternative sources of information due to Defendants' "refusal to cooperate and provide all their prevailing wage contracts." In his Report, Magistrate Judge Pitman credited Plaintiffs' argument.